UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:16-CV-00183-TBR-LLK

JAMES CARR POTTER,                                                    PETITIONER

v.

KATHY LITTERAL, WARDEN,                                            RESPONDENT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Petitioner James Potter's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. [R. 1.] Respondent Kathy Litteral responded, [R. 7], and Potter replied, [R. 12]. The Magistrate Judge filed Findings of Fact and Conclusions of Law and Recommendation. [R. 16.] Potter filed objections thereto. [R. 18.] This matter is now ripe for adjudication. Having conducted a de novo review of the portions of the Magistrate Judge's report to which Potter objected,[1] the Court **ADOPTS IN PART** the Findings of Fact and Conclusions of Law as set forth in the report submitted by the Magistrate Judge. For the reasons stated herein, Potter's objections are **OVERRULED IN PART**.

## BACKGROUND

On September 22, 2011, the Kentucky Supreme Court affirmed the lower court's verdict convicting James Potter of first-degree rape, first-degree sodomy, second-degree sodomy, second-degree rape, and attempted second-degree sodomy, as well as Potter's sentence of life

---

[1] "It is well-established that the failure to object to any portion of a magistrate judge's report results in a waiver of both district-court and appellate review of that portion." *See Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987) ("[O]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.").

imprisonment.[2] [*See Potter v. Commonwealth*, No. 2010-SC-000410-MR, 2011 WL 4430871

(Ky. 2011).] Thereafter, Potter filed a pro se Motion to Vacate Judgment pursuant to Kentucky

Rules of Criminal Procedure (RCr) 11.42 and a motion for an evidentiary hearing, [R. 1-2

(McCracken RCr 11.42 Motion)], which were both denied by the McCracken Circuit Court, [R.

1-3 (McCracken Denial)]. An appeal to the Kentucky Court of Appeals followed, which was also

denied. [R. 1-4 (RCr 11.42 Appeal Denial).] After that, the Supreme Court of Kentucky denied

discretionary review. [R. 1-5].

On November 22, 2016, Potter filed a Petition for Writ of Habeas Corpus under 28

U.S.C. § 2254 in the District Court for the Western District of Kentucky. [R. 1 (Habeas

Petition).] In his petition, Potter raises three grounds on which he alleges he is being held in

violation of the Constitution, laws, or treaties of the United States. [R. 1 at 15-31.] The claims

allege violations of the Sixth and Fourteenth Amendment by denial of effective assistance of

counsel through failure to investigate the purchase of sex toys the victim claims Potter used on

her, failure to obtain a medical expert or otherwise effectively cross-examine the

Commonwealth's medical expert, and failure to call a DNA expert to testify at trial. [*Id.*] Potter

also requested an evidentiary hearing and discovery. [*Id.* at 31-32.] The Court referred this

matter to the Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) & (B). [R. 4].  After

considering the response of the Respondent, Kathy Litteral, [R. 7], the Magistrate Judge denied

the petition due to the three claims of ineffective assistance of trial counsel being without merit,

denied Potter's request for discovery and an evidentiary hearing, and declined to issue a

certificate of appealability, [R. 16 at 1 (Magistrate Recommendation)].

---

[2] The Kentucky Supreme Court reversed the convictions for first and second degree sexual abuse, *Potter*, 2011 WL 4430871, at *3-5, and the assessment of fines for two violations of Kentucky Revised Statutes (KRS) 534.040(4), *Id.* at *8.

On October 3, 2017, Potter filed Objections to the Magistrate Judge's Report and

Recommendation. [R. 18 (Objection).] Pursuant to 28 U.S.C. § 636(b)(1), this Court will "make

a de novo determination of those portions of the report or specified proposed findings or

recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Upon such review, this

Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made

by the magistrate judge." *Id.*

## STANDARD

The purpose of the writ of habeas corpus is "to ensure that individuals are not imprisoned

in violation of the Constitution-not to correct errors of fact." *Herrera v. Collins*, 506 U.S. 390,

400 (1993). "Federal courts are not forums in which to relitigate state trials." *Barefoot v. Estelle*,

463 U.S. 880, 887 (1983).

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110

Stat. 1214 (April 24, 1996) ("AEDPA") amended the habeas statute, 28 U.S.C. § 2254, and

applies to all habeas cases filed after April 25, 1996. The petition in this case was filed after that

date, and therefore, the amendments to § 2254 are applicable. *See Walker v. Smith*, 360 F.3d 561,

563 (6th Cir. 2004). "The Antiterrorism and Effective Death Penalty Act of 1996 modified a

federal habeas court's role in reviewing state prisoner applications in order to prevent federal

habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible

under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002) (citing *Williams v. Taylor*, 529 U.S. 362,

403–404 (2000)). The habeas statute provides:

> An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted unless it appears
> that--
>
> (A) the applicant has exhausted the remedies available in the courts of the State;
> or

3

(B)(i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

§ 2254(b)(1). Section 2254(d), as amended by the AEDPA, states:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

§ 2254(d). Section 2254(d) "bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (2)" above. *Harrington v. Richter*, 562 U.S. 86, 98 (2011).

Following the modifications set forth by the AEDPA, the Sixth Circuit has explained that a state court decision may only be overturned if:

1. It '[applies] a rule that contradicts the governing law set forth in [Supreme Court of the United States] cases,' or; 2. the state-court decision 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent;' or 3. 'the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case;' or 4. the state court 'either unreasonably extends a legal principle from [a Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'

*Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001) (internal citations omitted); *see also Williams*, 529 U.S. at 406–409; 412–13.

When performing analysis of a state court decision pursuant to § 2554(d), the first requirement is that state courts be tested only against "clearly established Federal law, as determined by the Supreme Court of the United States." In order to be clearly established law, the law relied on by the petitioner must be law that was clearly established at the time the state court decision became final, not afterward. *Williams*, 529 U.S. at 380. The federal court is also limited to law "as determined by the Supreme Court" only. *Id.* at 381–82.

Second, the Court must determine whether the state court decision was "contrary to, or involved an unreasonable application of" that clearly established law. *Id.* at 384. In order to find a state court's application of Supreme Court precedent unreasonable under § 2554, the state court's decision must have been objectively unreasonable. *Wiggins v. Smith*, 539 U.S. 510, 520 (2003); *Williams*, 529 U.S. at 409 (explaining, "[s]tated simply, a federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable"). An unreasonable application of federal law is distinct and different from an incorrect application of federal law. *Id.* at 410; *see also Macias v. Makowski*, 291 F.3d 447, 545 (6th Cir. 2002) (holding "the relevant question is not whether the state court's decision was wrong, but whether it was an unreasonable application of clearly established federal law").

Therefore, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams*, 529 U.S. at 411. The Supreme Court has further explained that "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington*,

562 U.S. at 101 (quoting *Yarborough v. Alvarado,* 541 U.S. 652, 664 (2004)). Stated differently, petitioners for habeas relief "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103.

The AEDPA standard additionally provides that "a determination of a factual issue made by a State court shall be presumed to be correct." § 2254(e)(1). Factual determinations by State courts will not be overturned unless objectively unreasonable. § 2254(d)(2). The applicant, or petitioner, bears the burden of rebutting the presumption of correctness by clear and convincing evidence. *Id.*; *see also Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003) (holding "[u]nder AEDPA, primary or historical facts found by state courts are presumed correct and are rebuttable only by clear and convincing evidence" (internal quotation marks omitted)). The findings of state appellate courts are also accorded the presumption of correctness. *Sumner v. Mata*, 449 U.S. 539, 546 (1981) (holding "[s]ection 2254(d) . . . makes no distinction between the factual determinations of a state trial court and those of a state appellate court").

"But there are exceptions to the requirement of AEDPA deference." *Montes v. Trombley*, 599 F.3d 490, 494 (6th Cir. 2010). Specifically, the "substantially higher threshold" set by the AEDPA only applies to "claim[s] that w[ere] adjudicated on the merits in State court proceedings." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007); § 2254(d)(1). When a petitioner for habeas relief seeks review of claims that were *not* adjudicated on the merits in state court, "then the pre-AEDPA standards of review apply." *Montes*, 599 F.3d at 494 (citing *Cone*, 556 U.S. at 472). Under the pre-AEDPA standard, "questions of law, including mixed questions of law and fact, are reviewed de novo, and questions of fact are reviewed under the clear-error standard." *Id.* (citing *Brown v. Smith,* 551 F.3d 424, 430 (6th Cir. 2008)). *See also Robinson v.*

*Howes*, 663 F.3d 819, 823 (6th Cir. 2011) ("Claims that were not 'adjudicated on the merits in State court proceedings' receive the pre-AEDPA standard of review: *de novo* for questions of law (including mixed questions of law and fact), and clear error for questions of fact.")

"Under *Harrington v. Richter*, '[w]hen a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on its merits in the absence of any indication or state-law procedural principles to the contrary.'" *Barton v. Warden, S. Ohio Corr. Facility*, 786 F.3d 450, 460 (6th Cir. 2015), *cert. denied sub nom* (quoting *Harrington*, 562 U.S. at 99). However, if a state court indicates that it did not reach the merits of a claim due to some procedural principal, or "when there is reason to think some other explanation for the state court's decision is more likely" than an adjudication on the merits, the presumption will be overcome. *Harrington*, 562 U.S. at 99–100. For instance, when a state court makes clear that, "instead of issuing a merits decision," the court "appl[ied] a procedural bar and thus [did] not consider[] the merits," such rulings "are not subject to on-the-merits AEDPA deference." *Barton*, 786 F.3d at 460–61 (citing *Johnson v. Williams*, 133 S. Ct. 1088, 1097 (2013)). In situations "when a state court makes clear that it is deciding a claim both on the merits and on procedural grounds, [the Sixth Circuit has] held that a federal habeas court may nonetheless review that court's merits analysis and, if appropriate, apply AEDPA deference to that adjudication." *Id.* at 461 (citing *Brooke v. Bagley*, 513 F.3d 618, 624 (6th Cir. 2008)).

## DISCUSSION

### I. Ground One: Ineffective Assistance of Counsel: Failure to Investigate

In addressing Potter's argument of ineffective assistance of counsel for failure to investigate evidence of Potter's purchases of sex toys, the Magistrate Judge found that counsel was not ineffective on three different grounds. [R. 16 at 10-13.]

#### A. *Strickland* Analysis

First, the Magistrate Judge held that Potter failed to establish ineffective

assistance of counsel under the requirements of *Strickland v. Washington*, 466 U.S. 668

(1984). [*Id*. at 9.] The Supreme Court explained the analysis necessary for determining

ineffective assistance of counsel in *Strickland v. Washington* and later in *Harrington v.*

*Richter*:

> [t]o establish deficient performance, a person challenging a conviction must show
> that "counsel's representation fell below an objective standard of reasonableness."
> 466 U.S. at 688, 104 S.Ct. 2052. A court considering a claim of ineffective
> assistance must apply a "strong presumption" that counsel's representation was
> within the "wide range" of reasonable professional assistance. *Id.,* at 689, 104
> S.Ct. 2052. The challenger's burden is to show "that counsel made errors so
> serious that counsel was not functioning as the 'counsel' guaranteed the defendant
> by the Sixth Amendment." *Id.,* at 687, 104 S.Ct. 2052.
>
> With respect to prejudice, a challenger must demonstrate "a reasonable
> probability that, but for counsel's unprofessional errors, the result of the
> proceeding would have been different. A reasonable probability is a probability
> sufficient to undermine confidence in the outcome."
>
> . . .
>
> Establishing that a state court's application of *Strickland* was unreasonable under
> § 2254(d) is all the more difficult. The standards created by *Strickland* and §
> 2254(d) are both "highly deferential," *id.,* at 689, 104 S.Ct. 2052; *Lindh v.*
> *Murphy,* 521 U.S. 320, 333, n. 7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), and
> when the two apply in tandem, review is "doubly" so, *Knowles,* 556 U.S., at 123,
> 129 S.Ct. at 1420. The *Strickland* standard is a general one, so the range of
> reasonable applications is substantial. 556 U.S., at 123, 129 S.Ct. at 1420. Federal
> habeas courts must guard against the danger of equating unreasonableness under
> *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the
> question is not whether counsel's actions were reasonable. The question is
> whether there is any reasonable argument that counsel satisfied *Strickland*'s
> deferential standard.

*Harrington*, 562 U.S. at 104–105 (citing *Strickland*, 466 U.S. at 687–90). Specifically

concerning an attorney's efforts to investigate evidence, the Sixth Circuit has stated:

> Counsel must make a reasonable investigation into the facts and circumstances of
> the crime, or make a reasonable decision that a particular investigation is not
> necessary. However, "a particular decision not to investigate must be directly

assessed for reasonableness in all of the circumstances, applying a heavy measure of deference to counsel's judgment."

*Workman v. Bell*, 178 F.3d 759, 769 (6th Cir. 1998) (citation omitted) (quoting *Strickland*, 466 U.S. at 690-91).

Under the *Strickland* analysis, the Magistrate Judge reasoned that "Counsel cannot fairly be expected (on her own initiate) to subpoena purchase records when her client has not indicated how this might be relevant to his defense . . .." [R. 16 at 10.] Furthermore, the Magistrate Judge implied that Potter never told his counsel about his purchases of the sex toys. [*Id*. at 9.] However, as Potter points out in his Objection, [R. 18 at 6], nothing in the record indicates Potter never informed counsel about the records or that counsel was unaware of the records. In order to better assess trial counsel's decision not to investigate, the Court needs more evidence concerning counsel's efforts and judgment before it can decide on this issue.

**B.  Exhaustion of State Court Remedies**

Second, the Magistrate Judge held that Potter's claim of ineffective counsel fails due to Potter's failure to fulfill the requirement of exhaustion of state court remedies. [*Id*. at 10.] The Sixth Circuit has provided a thorough account of what is required in order to preserve a constitutional claim:

> Federal courts do not have jurisdiction to consider a claim in a habeas petition that was not "fairly presented" to the state courts. A claim may only be considered "fairly presented" if the petitioner asserted both a factual and legal basis for his claim in state court. Although general allegations of the denial of a "fair trial" or "due process" have been held insufficient to "fairly present" federal constitutional claims, a petitioner need not recite "book and verse on the federal constitution."
>
> A petitioner can take four actions in his brief which are significant to the determination as to whether a claim has been fairly presented: "(1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific

constitutional right; or (4) alleging facts well within the mainstream of constitutional law."

*Fulcher v. Motley*, 444 F.3d 791, 798 (6th Cir. 2006) (quoting *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003)). The Magistrate Judge concluded that Potter failed to fulfill this requirement because his "ineffectiveness claim and supporting allegations evolved over time to their present form." [R. 16 at 11.] The Magistrate Judge further explained in an accompanying footnote that Potter edited down the amount of allegations in his ineffectiveness claim over time. [*Id.* at 11 n.2.] However, upon examination of Potter's pro se, post-conviction 11.42 Motion, [R.1-2], the Court finds that Potter did fully and fairly present his claim to the state courts. As the Magistrate Judge's quotation of Potter's 11.42 Motion depicts, Potter raised the same facts and argument regarding trial counsel's failure to investigate purchase records in state court as he does before this Court. [*Id.*] Although Potter dropped certain, unrelated arguments later, he still argued in both state and federal court that the store receipts would prove that he did not purchase the sex toys until after the victim's twelfth birthday—meaning he would not be guilty of first-degree rape. [R. 1 at 16; R. 1-2 at 24-25.] Furthermore, in compliance with *Fulcher*, Potter relied upon both federal and state cases that employed constitutional analysis in his pro se 11.42 Motion in state court. [*See* R. 1-2 at 20.] Thus, the Court does not adopt the Magistrate Judge's finding on this matter.

### C. Procedural Default

Third, the Magistrate Judge held that Potter's claim of ineffective assistance of counsel fails because it was procedurally defaulted under state law. [R. 16 at 12.] "A petitioner procedurally defaults claims for habeas relief if the petitioner has not presented those claims to the state courts in accordance with the state's procedural rules." *Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000) (citing *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977); *Coe v. Bell,* 161 F.3d

320, 329 (6th Cir. 1998); *Couch v. Jabe,* 951 F.2d 94, 96 (6th Cir. 1991)). A federal claim

brought by a state prisoner in a habeas action may become procedurally defaulted in state court

in two different ways. *See Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir.2006). A prisoner

first may procedurally default a given claim by failing to comply with an established state

procedural rule when presenting his claim at trial or on appeal in the state courts. *See Wainwright

v. Sykes,* 433 U.S. 72, 87 (1977). Additionally, procedural default can occur when a petitioner

completely "fail[s] to raise a claim in state court, and pursue that claim through the state's

ordinary appellate review procedures." *Carter v. Mitchell*, 693 F.3d 555, 563 (6th Cir. 2012)

(quoting *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006); *O'Sullivan v. Boerckel,* 526

U.S. 838, 848 (1999)).

To determine whether a claim is procedurally defaulted, the Sixth Circuit applies the 4–

prong test announced in *Maupin v. Smith,* 785 F.2d 135, 138 (6th Cir. 1986). The Sixth Circuit in

*Greer v. Mitchell,* 264 F.3d 663, 672 (6th Cir. 2001) explained the *Maupin* test as follows:

> This court's *Maupin* decision sets out four inquiries that a district court should
> make when the state argues that a habeas claim has been defaulted by petitioner's
> failure to observe a state procedural rule. First, the court must determine whether
> there is such a procedural rule that is applicable to the claim at issue and whether
> the petitioner did, in fact, fail to follow it. *Maupin,* 785 F.2d at 138. Second, the
> court must decide whether the state courts actually enforced its procedural
> sanction. *Id.* Third, the court must decide whether the state's procedural forfeiture
> is an "adequate and independent" ground on which the state can rely to foreclose
> review of a federal constitutional claim. "This question will usually involve an
> examination of the legitimate state interests behind the procedural rule in light of
> the federal interest in considering federal claims." *Id.* And, fourth, the petitioner
> must demonstrate, consistent with *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct.
> 2497, 53 L.Ed.2d 594 (1977), that there was "cause" for him to neglect the
> procedural rule and that he was actually prejudiced by the alleged constitutional
> error. *Id.;* see also *Scott v. Mitchell,* 209 F.3d 854, 864 (6th Cir .), cert. denied,
> 531 U.S. 1021, 121 S.Ct. 588, 148 L.Ed.2d 503 (2000).

*Id.* In the matter at hand, the Magistrate Judge held that because the "Kentucky Court of Appeals

interpreted RCr 11.42 as requiring that Petitioner's claim be supported by some proof that the

alleged purchase records exist" and "[p]etitioner provided no such proof," the claim is procedurally defaulted. [R. 16 at 12.] As the Magistrate Judge's decision focused on the proof required under the procedural rule, the Court's analysis will center on the portion of the first *Maupin* inquiry, which involves the determination of whether the petitioner followed the procedural rule at issue. RCr 11.42 requires that the motion for collateral review "shall state specifically the grounds on which the sentence is being challenged and *the facts on which the movant relies in support of such grounds*. Failure to comply with this section shall warrant a summary dismissal of the motion." Ky. RCr 11.42 (emphasis added).

Specifically, the Kentucky Court of Appeals found that Potter did not provide an adequate factual basis under RCr 11.42 because he "did not provide copies of [purchase] records to the trial court." *Potter v. Commonwealth*, No. 2013-CA-001099-MR, 2015 WL 3643431, at *4 (Ky. App. June 12, 2015). As support, the Kentucky Court of Appeals relied on the Supreme Court of Kentucky's findings in *Simmons v. Commonwealth*, 191 S.W.3d 557 (2006), in which the court stated that "an RCr 11.42 motion must set forth all the facts necessary to establish existence of a constitutional violation and . . . the court will not presume that facts omitted from the motion establish existence of such a violation." *Simmons v. Com.*, 191 S.W.3d 557, 561 (Ky. 2006), *overruled on other grounds by Leonard v. Com.*, 279 S.W.3d 151 (Ky. 2009). The Magistrate Judge relied on the Kentucky Court of Appeals's reasoning when it found that Potter's claim was procedurally defaulted. [R. 16 at 12.] In his Objection, Potter asserts that the state appellate court incorrectly interpreted the evidentiary threshold for RCr 11.42 motions by referencing "a need for supporting evidence not found in any other precedent or state procedural rule," [R. 18 at 3], and argues that "[n]othing in *Simmons* stands for or articulates a requirement

12

that a defendant attach evidence of his factual allegations to the pleading," [*Id*]. The Court agrees with Potter.

The Court finds that neither RCr 11.42 nor *Simmons* requires Potter to attach purchase records to his RCr 11.42 Motion. Under the plain language of RCr 11.42, Potter did "state specifically the grounds on which the sentence is being challenged" and the facts regarding trial counsel's failure to investigate the purchase records at issue. More importantly, Potter was never granted an evidentiary hearing to address factual issues, such as whether his trial counsel discussed the purchase records with Potter or if she ever attempted to find them. In contrast, the court in *Simmons* did not overrule the movant's RCr 11.42 motion for failure to present a factual basis until after the court held a nine-day evidentiary hearing. *See Simmons*, 191 S.W.3d at 562. Furthermore, upon similar circumstances to that of Potter, the Supreme Court of Kentucky held that an evidentiary hearing was required in order "to determine whether the failure to introduce mitigating evidence was trial strategy, or 'an abdication of advocacy.'" *Hodge v. Com.*, 68 S.W.3d 338, 345 (Ky. 2001), *as modified on denial of reh'g* (Mar. 21, 2002). Like Potter, the movants in *Hodge* only provided factual allegations in their RCr 11.42 motions that the lower court found were not supported by the record. *Hodge*, 68 S.W.3d at 341. Yet, the court in *Hodge* did not hold that the movant was required to attach further proof to his RCr 11.42 Motion. *See Hodge*, 68 S.W.3d at 344-345. Moreover, it granted a hearing to further develop possible evidence. *See id*. Therefore, the Court finds that under the language of RCr 11.42 and the findings in *Simmons* and *Hodge*, Potter did follow the procedural rule at issue and his claim should not be procedurally defaulted.

In sum, the Court does not adopt the findings of the Magistrate Judge with regards to the findings of failure to fulfill the requirement of exhaustion and procedural default. Moreover, the

Court finds that there is not enough evidence in the record at this time to adopt the Magistrate Judge's rejection of Potter's factual allegations in his claim that trial counsel failed to investigate the purchase records. The Court finds that an evidentiary concerning Potter's communication with trial counsel is necessary in order to "directly assess[] for reasonableness in all of the circumstances" counsel's decision concerning whether to investigate purchase records. *Strickland*, 466 U.S. at 690-91.

### D.  Evidentiary Hearing

Potter objects to the Magistrate Judge's rejection of his request for an evidentiary hearing concerning trial counsel's failure to investigate purchase records. [R. 18 at 13.] The Magistrate Judge held that an evidentiary hearing was unwarranted because the state courts adjudicated Potter's claims on the merits. [R. 16 at 22.]

"In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief. Because the deferential standards prescribed by § 2254 control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) (citations omitted). Furthermore, the Supreme Court has stated:

> [R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. Section 2254(d)(1) refers, in the past tense, to a state-court adjudication that "resulted in" a decision that was contrary to, or "involved" an unreasonable application of, established law. This backward-looking language requires an examination of the state-court decision at the time it was made. It follows that the record under review is limited to the record in existence at that same time *i.e.,* the record before the state court.

*Cullen v. Pinholster*, 563 U.S. 170, 181–82, 131 S. Ct. 1388, 1398, 179 L. Ed. 2d 557 (2011); *see also Marks v. Davis*, 504 F. App'x 383, 387 (6th Cir. 2012) (unpublished) ("When, as here, the state court decides a claim on its merits, our review is limited to the state court record.") (citing *Sheppard v. Bagley*, 657 F.3d 338, 344 (6th Cir.2011) (applying *Pinholster* to § 2254(d)(2) claims).

As an initial concern, the Court notes that the deference due under § 2254(d) does not apply here because the Potter's claim was procedurally defaulted in state court, and therefore, not adjudicated on the merits. *See Maples v. Stegall,* 340 F.3d 433, 436 (6th Cir.2003); *Thompson v. Parker*, No. 5:11-CV-31, 2012 WL 1567378, at *3 (W.D. Ky. May 2, 2012). Pursuant to 28 U.S.C. § 2254(e)(2):

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that:
>
> > (A) The claim relies on—
> >
> > > (i) A new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> > >
> > > (ii) A factual predicate that could not have been previously discovered through the exercise of due diligence; and
> >
> > (B) The facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(1-2). This section does not apply unless the initial conditional clause is met: "[i]f the applicant has failed to develop the factual basis of a claim." The phrase "failed to develop" implies "some lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." *Williams v. Taylor,* 529 U.S. 420, 432 (2000). The Supreme Court has

defined a prisoner's diligence as "a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court; it does not depend . . . on whether those efforts could have been successful." *Id.* at 435. This will typically require "that the prisoner, at a minimum, seek an evidentiary hearing in state court in the manner prescribed by state law." *Id.* at 437.

If the petitioner did not fail to develop the facts in state court, then the district court may hold an evidentiary hearing. *Id.* at 433. However, " 'bald assertions and conclusory allegations do not provide sufficient grounds to warrant requiring . . . an evidentiary hearing.' " *Washington v. Renico,* 455 F.3d 722, 733 (6th Cir.2006) (quoting *Stanford v. Parker,* 266 F.3d 422, 460 (6th Cir.2001)), *cert denied,* 127 S.Ct. 1877 (2007). The decision of whether or not to hold an evidentiary hearing is within the discretion of the district court. *Schriro v.. Landrigan,* 550 U.S. 465, 474 (2007). However, the Supreme Court has instructed the reviewing court to "consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id.* at 468. "[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id.*

Here, the Court finds that Potter did not fail to develop the facts in state court. Consistent with *Williams*, Potter sought an evidentiary hearing in his RCr 11.42 Motion in McCracken Circuit Court, as prescribed by state law. [*See* R. 1-2 at 6.] Furthermore, the Court finds that if Potter did inform trial counsel of the purchase records and trial counsel unreasonably decided not to investigate, Potter would be entitled to some habeas relief. Thus, the Court will hold an evidentiary hearing concerning trial counsel's investigation of the purchase records.

## II.     Ground II: Ineffective Assistance of Counsel: Failure to Call or Consult Medical Expert

**A. Objection to Magistrate Judge's Finding**

The Magistrate Judge found that trial counsel was not ineffective in deciding not to obtain a medical expert. [R. 16 at 13-17.] The Court agrees.

As previously explained, "[i]f a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court." *Harris v. Haeberlin*, 752 F.3d 1054, 1057 (6th Cir. 2014) (citing *Pinholster*, 563 U.S. at 185). Thus, if the state court adjudicated the claim on the merits, Potter must overcome the limitation of § 2254(d) on the record that was before the state court, not including new evidence produced during an evidentiary hearing in front of the Court. *Id*. Here, the Kentucky Court of Appeals clearly adjudicated Potter's claim on the merits. Specifically, the Kentucky Court of Appeals found that that the state's expert's statements supported the argument that the victim was not being truthful; thus, "[t]rial counsel's decision not to present additional experts was consistent with trial strategy."[3] [R.1-4 at 4.] Thus, the Court must adhere to the Supreme Court's finding that "[t]he standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington*, 562 U.S. at 104–105.

In his RCr 11.42 Motion, Potter argued that his counsel was ineffective when she failed to consult with several types of experts that could have shown that the evidence was exculpatory, including a gynecologist. [R. 1-2 at 23.] The Kentucky Court of Appeals affirmed the lower court's denial of this motion because "the [Commonwealth's] expert's statements supported trial

---

[3] True, the Kentucky Court of Appeals did not consider the second prong of *Strickland*, which would require the Court to review the unadjudicated prong de novo. *See Rayner v. Mills*, 685 F.3d 631, 638 (6th Cir. 2012). However, the Court declines to reach the second prong as it finds that the petitioner cannot succeed on the first prong. *Id*. at 638 n.4. The Court finds that the Kentucky Court of Appeals did review the claim on the merits and § 2254(d) does apply.

counsel's argument that J.A. was not being truthful" and, therefore, "counsel could have reasonably concluded from the testimony that an independent expert was unnecessary." [R. 1-4 at 4-5.] Furthermore, the Kentucky Court of Appeals stated that "Potter's claim that trial counsel's failure to cross-examine or present independent testimony regarding possible noncriminal reasons for the thinning or tearing of a hymen amounts to second-guessing trial strategy and cannot be grounds for finding that counsel was ineffective." [*Id*. at 5.]

Thereafter, Potter brought his claim of ineffective assistance of counsel in a Petition for Writ of habeas Corpus in this Court. [*See generally* R.1.] Specifically, he argued that the state appellate court's ruling was an unreasonable determination of the facts in light of the evidence. [*Id*. at 24.]

The Magistrate Judge disagreed with Potter. In fact, the Magistrate Judge quoted the state appellate court's opinion in determining that trial counsel was not ineffective. [R. 16 at 14.] In further support, the Magistrate Judge cited to *Harrington*, in which the Supreme Court held that counsel's strategy not to call an expert fell within the "wide latitude counsel must have in making tactical decisions." *Harrington*, 562 U.S. at 106-09. The Magistrate Judge determined that "it cannot fairly be said that defense counsel had no viable tactical option but to obtain expert medical evidence concerning alternate, non-criminal explanations of the state of J.A.'s hymen. This is because Dr. Whitson's testimony was not devastatingly incriminating but only consistent with Petitioner's guilt and, therefore, as counsel argued, ultimately, 'neutral.'" [R. 16 at 16.] The Magistrate Judge also held that Potter failed to show any prejudice resulting from counsel's decision to not to consult an expert, explaining that the state's expert's testimony was "sufficiently broad that the jury was free to doubt that the alleged abuse would have resulted in only the degree of tearing and thinning observed. If counsel had decided to pursue the matter

more vigorously, it might have had the undesirable effect of eliminating those doubts."[4] [R. 16 at 17.]

Potter objects to the Magistrate Judge's findings, and argues, without providing Supreme Court case law in support, that "[t]he only explanation for counsel's inadequate cross-examination and lack of rebuttal witness is that counsel did not do even the most basic research or preparation prior to the expert's testimony at trial." [R. 18 at 8.] The Court disagrees. As the Magistrate Judge explained, and the Supreme Court modeled in *Harrington*, the Court must apply a "strong presumption" that counsel's decision not to consult a medical expert, amongst the many possible experts suggested by Potter, falls within the "wide latitude counsel must have in making tactical decisions." *Harrington*, 562 U.S. at 104–105. It is Potter's burden to "show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 562 U.S. at 101. Conclusory allegations that trial counsel did not properly prepare prior to cross examination do not fulfill this burden. Therefore, the Court agrees with Magistrate Judge and finds that Potter did not meet the burden of showing that the decision of the Kentucky Court of Appeals was so contrary to or an unreasonable application of clearly established precedent of the U.S. Supreme Court that reasonable jurists could not disagree that the decision was unsupportable. Potter's objection regarding his claim of failure to call or consult a medical expert is OVERRULED.

### B. Request for Evidentiary Hearing

---

[4] The Court notes that this argument is similar to that of the Supreme Court in *Harrington*. *Harrington*, 562 U.S. at 108 ("If serological analysis or other forensic evidence demonstrated that the blood came from Johnson alone, Richter's story would be exposed as an invention. An attorney need not pursue an investigation that would be fruitless, much less one that might be harmful to the defense.").

Potter argues that the Court should grant an evidentiary hearing on this matter because it was not reviewed on the merits by the state courts and he was denied the opportunity present evidence in support of his claim. [R. 18 at 13.] Furthermore, Potter claims that § 2254(d) and (e) do not apply "since there was no merits adjudication . . .." [*Id.*] This is in contrast to Potter's Petition for Writ of Habeas Corpus, in which he argued that "[t]his claim was adjudicated on the merits as to the deficient performance prong of *Strickland*, and therefore, 2254(d) applies." [R. 1 at 24.]

The Court recognizes that there is one distinguishing factor between *Harrington* and the matter at hand that neither party mentions in briefing: in the early stages of the *Harrington* litigation, the Eastern District of California ordered the deposition of the trial counsel of both petitioners. *See Richter v. Hickman*, No. S-01-CV-0643-JKS, 2006 WL 769199, at *1 (E.D. Cal. Mar. 24, 2006), aff'd, 521 F.3d 1222 (9th Cir. 2008), *on reh'g en banc*, 578 F.3d 944 (9th Cir. 2009), *rev'd and remanded sub nom. Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2011), and *rev'd and remanded*, 578 F.3d 944 (9th Cir. 2009), and *rev'd and remanded sub nom. Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2011), and *aff'd sub nom. Richter v. Harrington*, 643 F.3d 1238 (9th Cir. 2011). Here, the Court has no such evidence in the record. It is difficult to reconstruct "the circumstances of counsel's challenged conduct" and evaluate "the conduct from counsel's perspective at the time," when the Court has no statement from counsel before it. However, § 2254(d) deference limits the Court "to the record that was before the state court that adjudicated the claim on the merits." *Pinholster*, 563 U.S. at 181. Thus, the Court cannot now consider new evidence that was not before the Kentucky Court of Appeals in its § 2254(d) determination.

Furthermore, the Sixth Circuit has stated: "By its terms, § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2). There is no text in the statute requiring a hearing." *Cowans v. Bagley*, 639 F.3d 241, 248 (6th Cir. 2011). Thus, Potter's argument that he was denied an evidentiary hearing is not sufficient on its own to overcome § 2254(d).

In sum, Potter's objection regarding his request for an evidentiary hearing on the issue of trial counsel's failure to consult or call a medical expert is OVERRULED.

### III.    Ground III: Ineffective Assistance of Counsel: Failure to Call DNA Expert

The Magistrate Judge found that trial counsel was not ineffective in deciding not to call a DNA expert at trial. [R. 16 at 21.] The Court agrees.

The Kentucky Court of Appeals rejected Potter's argument that his attorney was ineffective when he did not call a DNA expert at trial. [R. 1-4 at 6-7.] The court held that Potter was not prejudiced by this decision for two different reasons. First, the court reasoned that the argument that the sex toys were not used by Potter in the manner J.A. described could have been used at trial without the assistance of a DNA expert. [*Id.* at 7.] Second, the court stated that expert testimony regarding the principles of DNA transfer would not have altered the evidence that J.A.'s DNA was present on sex toys owned by Potter that she testified he used on her. [*Id.*]

The Magistrate Judge agreed with the findings of the Kentucky Court of Appeals, finding that trial counsel's decision not to call a DNA expert was "entitled to a presumption of sound trial strategy." [R. 16 at 20.] The Magistrate Judge explained that this was not a situation which required competing expert evidence in order to effectively communicate to the jury an innocent interpretation of the evidence. [*Id.*] Furthermore, similar to the state court, the Magistrate Judge found that Potter failed to show prejudice resulting from trial counsel's decision because the

"evidence (as it was) left the jury free to speculate that, if Petitioner had used the items as J.A. testified, his DNA should be on them . . .." [*Id*.]

Potter objects to the Magistrate Judge's findings. [R. 18 at 9.] First, he argues that the DNA evidence involved "complex scientific theories, which would likely be disbelieved if not presented through an expert in the scientific field of transfer DNA analysis." [*Id*.] Furthermore, Potter asserts that "trial counsel's failure to present expert testimony resulted in prejudice, such that there is a reasonable probability of a different outcome, at least one juror would have had reasonable doubt as to whether Potter committed the charged offenses." [*Id*. at 10.] The Court disagrees.

The Court finds that trial counsel's decision to not call a DNA expert fell within the "'wide range' of reasonable professional assistance." *Harrington*, 562 U.S. at 104–105. Potter speculates that anybody but a competing DNA expert "would likely be disbelieved," but fails to provide any explanation or binding case law supporting this assertion. [R. 18 at 9.] Then, instead of providing an argument explaining how counsel's decision not to call a DNA expert resulted in prejudice, Potter boldly states that it did result in prejudice because "at least one juror would have had reasonable doubt as to whether Potter committed the charged offenses." [*Id*. at 10.] Just as the Court previously explained in regards to Potter's claim regarding the failure to call a medical expert, Potter's speculation and conclusory statements are not enough to combat the highly deferential standard created by *Strickland* and § 2254(d). Therefore, the Court agrees with Magistrate Judge and finds that Potter did not meet the burden of showing that the decision of the Kentucky Court of Appeals was so contrary to or an unreasonable application of clearly established precedent of the U.S. Supreme Court that reasonable jurists could not disagree that

the decision was unsupportable. Potter's objection regarding claim of failure to call a DNA expert is OVERRULED.

## IV.    Ground IV: Certificate of Appealability (COA)

Before Potter may appeal this Court's decision a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484.

### 1.  Failure to Call or Retain a Medical Expert

Potter argues that reasonable jurists would find the Magistrate Judge's recommendation regarding trial counsel's failure to consult or call a medical expert at trial debatable or wrong. [R. 18 at 12.] Specifically, Potter, argues that "trial counsel's closing argument failed to bring to bear relevant testimony that could only have been elicited on cross of the state's expert or direct of a defense expert." [*Id.*] As the Court previously explained, it must apply a "strong presumption" that counsel's decision not to consult a medical expert, amongst the many possible experts suggested by Potter, falls within the "wide latitude counsel must have in making tactical decisions." *Harrington*, 562 U.S. at 104–105. Thus, the Court finds that reasonable jurists would not find the district court's assessment of the constitutional claims to be debatable or wrong.

### 2.  Failure to Call a DNA Expert

Potter argues that reasonable jurists would find the Magistrate Judge's recommendation regarding trial counsel's failure to call a DNA expert debatable or wrong. [R. 18 at 13.]

Specifically, he argues that trial counsel was deficient when he discussed the DNA evidence in closing, rather than calling a competing DNA expert. [*Id.*] As previously explained, the Court finds that Potter's conclusory statements regarding trial counsel's competence and the prejudice he experienced do not overcome the "strong presumption" the Court must apply that counsel's representation was within the "wide range" of reasonable professional assistance. Thus, the Court finds that reasonable jurists would not find the district court's assessment of the constitutional claims to be debatable or wrong.

In sum, the Court holds that Potter has not satisfied the showing required for the Court to issue a COA under § 2253(c) on his claims of failure to call or retain a medical expert and failure to call a DNA expert. Thus, a certificate of appealabiltiy for those claims is DENIED.

## CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED**:

1. The Court **ADOPTS IN PART** the Magistrate Judge's Findings of Fact and Conclusions of Law consistent with the analysis set forth in this Memorandum Opinion, with the sole exception of the claim of ineffective assistance of counsel due to failure to investigate purchase records.

2. The Court **ADOPTS** the Magistrate Judge's Recommendations that Potter's § 2254 petition, certificate of appealability, and request for discovery and a hearing be denied as it pertains to his claim of ineffective assistance of counsel due (1) to failure to call or retain a medical expert and (2) failure to call a DNA expert. Therefore, Potter's objections to the Magistrate Judge's Recommendations regarding these two claims of ineffective assistance of counsel are **OVERRULED**. Potter's § 2254 Petition for a Writ of Habeas Corpus, [R. 1], as it pertains to his claims of ineffective assistance of counsel

due to failure to call or retain a medical expert and failure to call a DNA expert is **DENIED**.

3. The Court will hold an evidentiary hearing on the single issue of ineffective assistance of counsel due to failure to investigate purchase records. A Telephonic Scheduling Conference is SET for **<u>May 31 at 10:30 A.M. Central Time</u>** to schedule a date for the evidentiary hearing. The parties shall connect to the conference by dialing 1-877-848-7030 and entering the Access Code, 2523122#, and then when prompted press # again to join the call.

**IT IS SO ORDERED**.

cc: Counsel of Record